WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Lucas Harrison, | No. CV-13-00245-TUC-EJM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Chad Lucas Harrison filed a *pro se* petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for theft of a means of transportation, third-degree burglary, criminal damage, simple assault, attempted armed robbery, attempted aggravated robbery, theft of a credit card, and taking the identity of another. (Doc. 1). Petitioner raises four grounds for relief: (1) ineffective assistance of counsel ("IAC"); (2) insufficient indictment; (3) unlawfully imposed sentence/double jeopardy; and (4) unlawful use of stale priors. Petitioner's IAC claim includes a number of sub claims: (a) counsel failed to object to the sufficiency of the indictment; (b) counsel failed to object to the trial court's abuse of discretion in imposing an unlawful sentence; (c) counsel failed to object to the unlawful use of stale priors; (d) counsel failed to discover that one of Petitioner's priors was a misdemeanor; (e) counsel failed to notice that Petitioner was sentenced for a dangerous felony even though the jury found no dangerous nature; (f) counsel failed to raise the issue that the jury found Petitioner did not have a weapon but was guilty of armed robbery and aggravated robbery; and (g) counsel

1    failed to interview witnesses.

2          Respondents filed their response contending Grounds Two, Three, and Four are
3    not cognizable on habeas review because Petitioner fails to specify the nature of the
4    constitutional violations alleged in these counts. Respondents further note that at the state
5    level, Petitioner did not describe any federal basis for these claims separate from his IAC
6    claims, and the state courts only addressed these claims as IAC claims. As to Petitioner's
7    IAC claims in Ground One, Respondents contend that sub claims (a), (b), and (c) were
8    properly presented to the Arizona Court of Appeals ("COA") and are thus properly
9    before this Court for review; that sub claims (d) and (g) are unexhausted and procedurally
10   defaulted because Petitioner failed to present them in his Rule 32 petition for post-
11   conviction relief ("PCR"); that sub claim (e) is moot because Petitioner has already been
12   resentenced on count five of the indictment; and that sub claim (f) is unexhausted and
13   procedurally defaulted because Petitioner only presented this claim in his petition for
14   review to the Arizona Supreme Court, which does not meet the requirement of fairly
15   presenting the claim to the state courts.

16         As to the sub claims in Ground One of the petition that are properly exhausted and
17   not procedurally defaulted, the Court finds that Petitioner has failed to establish a
18   violation of *Strickland v. Washington*, 466 U.S. 668 (1984), and that the state courts did
19   not err in their resolution of Petitioner's *Strickland* claims. As to Grounds Two, Three,
20   and Four of the petition, the Court finds that Petitioner failed to describe the federal basis
21   for these claims in his state court proceedings, and thus they were not fairly presented to
22   the state courts for review. The Court further finds that Petitioner does not demonstrate
23   cause and prejudice or a fundamental miscarriage of justice to excuse the procedural
24   default of his claims. Accordingly, the petition will be denied.

25   **I.      FACTUAL AND PROCEDURAL BACKGROUND**

26       **A. Trial, Sentencing, and Appeal**

27         On June 27, 2008 a Pima County Superior Court jury found Petitioner guilty of
28   theft of means of transportation, burglary in the third degree, criminal damage, simple

assault, attempted armed robbery, attempted aggravated robbery, theft of a credit card, and taking the identity of another. (Doc. 15 Ex. B). Petitioner was sentenced to a total of 15 years imprisonment. (Doc. 15 Exs. C and II).

The Arizona COA summarized the facts of the case as follows:

> So viewed, the evidence established that Shawna C. had stopped at a convenience store at about 9:00 p.m. on January 26, 2008, and left her sedan running in the store's parking lot while she went inside. She noticed two men at the counter and saw them leave the store. She also saw one of the men place his hands on the handlebars of a bicycle outside. When Shawna walked out to the parking lot moments later, her car was gone, and she reported the theft to the Tucson Police Department.

> The next morning, Harrison was driving Shawna's sedan with codefendant Zachary Waggoner as his passenger. Waggoner called out the vehicle's window to Doug Z. and offered him a ride. Doug accepted the offer and got into the vehicle, noticing that the back seat was full of what he described as bicycle parts.

> Harrison told Doug the vehicle was a "G-ride," and a police detective testified this term was slang for a stolen vehicle, with the "G" signifying "grand theft auto." Although Doug had expected a ride home, Harrison stopped the car in a railroad underpass. Waggoner, who had been stabbing the dashboard with a screwdriver during the ride, held it to Doug's ear and threatened to "shove it through" unless Doug gave him money. As Doug struggled to get out the passenger-side door, Waggoner used the screwdriver to stab him in the chest and legs. After Doug escaped from the vehicle by climbing through the window, Harrison got out as well and kicked and punched Doug, telling him, "We are serious." Doug had understood this to mean the two men were serious about getting his money. Doug whistled for aid and told the men he knew someone who lived nearby, and Harrison and Waggoner got back into the vehicle and drove away.

> A few minutes later, a Pima County Sheriff's deputy noticed the same vehicle being driven erratically and then parked behind a dumpster at a convenience store. The deputy checked the vehicle's license plate, learned the vehicle had been stolen, and called for backup. He watched as Harrison and Waggoner got out of the vehicle and walked into the store.

> Once inside, Harrison attempted to make a purchase with a bank card in the name of Fidel C. but presented his own driver's license as identification, and store employees refused the sale. Harrison and Waggoner left the store, walked past the dumpster and the vehicle, and went down an alley where they were stopped and arrested by police officers. Officers

later found Fidel's bank card, work identification card, and other cards in his name, as well as Harrison's driver's license, on the lid of the dumpster Harrison had passed. Fidel later testified he had lost a wallet containing these cards.

Shawna was asked to come to the scene and, once there, identified her vehicle, stating that the bicycle in the back seat was not hers. She positively identified Waggoner as one of the men she had seen at the convenience store just before her car was stolen. She could not positively identify Harrison but testified his appearance was consistent with that of the man she had seen with Waggoner the night before. Harrison stipulated that the damage to Shawna's vehicle exceeded $2,000.

(Doc. 15 Ex. H at 3–4).

Following his conviction, Petitioner sought review in the Arizona COA and argued that the trial court had erred by denying his Rule 20 motion for a directed verdict. (Doc. 15 Ex. E). On August 27, 2009, the COA found no reversible error and affirmed Petitioner's conviction and sentence. (Doc 15 Ex. H).

**B. Petition for Post-Conviction Relief**

On February 22, 2010, Petitioner initiated proceedings in Pima County Superior Court for post-conviction relief ("PCR"). (Doc. 15 Ex. J). The trial court appointed counsel to represent Petitioner, and counsel subsequently filed a notice that he found no good faith basis in law or fact for relief under Rule 32.  (Doc. 15 Exs. K, N). Counsel also requested that Petitioner be granted leave to file a pro se petition for PCR, and, after several extensions granted by the court, Petitioner timely filed his Rule 32 petition on October 19, 2011. (Doc. 15 Ex. U).

Petitioner raised the following IAC issues based on trial counsel's failure to challenge: a) the indictment as duplicitous and insufficient; b) the court's allowance of a dangerous nature finding after it dismissed the jury; c) the court's failure to orally pronounce the sentence; d) the use of stale priors to enhance Petitioner's sentence; e) the dangerousness of counts 5 and 6; and f) the unlawfully imposed sentences that should have been imposed pursuant to former A.R.S. § 13–702.02 and not former A.R.S. § 13–604. *Id.* Petitioner also raised claims of insufficient indictment, unlawful conviction,

- 4 -

unlawfully imposed sentence, and unlawful use of priors. *Id.*

The trial court denied PCR on May 30, 2012. (Doc. 15 Ex. X). Petitioner then filed a motion requesting an addendum to his Rule 32 petition to request dismissal of count five of the indictment, and a motion requesting modification of his sentence. (Exs. Y, Z). The court denied both motions, and noted that Petitioner would be resentenced on count five. (Ex. AA, BB). On July 30, 2012 the court resentenced Petitioner on count five of the indictment. (Ex. CC).

Petitioner filed a petition for review with the Arizona COA on June 28, 2012. (Ex. DD). Petitioner argued that his trial counsel was ineffective for: a) failing to challenge the indictment as insufficient because of duplicitousness; b) failing to challenge Petitioner's sentence as unlawful where the court failed to orally pronounce it; c) failing to challenge the unlawful use of stale priors; and d) failing to note that dangerous nature was not proven. Petitioner also argued that the indictment was insufficient, that his sentence was unlawful because it was not orally pronounced, that his sentence was illegally enhanced with stale priors, and that the court improperly allowed dangerous nature allegations for counts 5 and 6 of the indictment after the jury was released. The COA granted review but denied relief on October 25, 2012. (Ex. EE). Petitioner sought review by the Arizona Supreme Court, which denied review on March 25, 2013. (Exs. FF, GG).

**C. Habeas Petition**

Petitioner filed his Petition for Writ of Habeas Corpus (PWHC) in this Court on April 11, 2013, asserting four grounds for relief. (Doc. 1). In Ground One, Petitioner argues his trial counsel was ineffective for: (a) failing to object to the sufficiency of the indictment; (b) failing to object to the trial court's abuse of discretion in imposing an unlawful sentence; (c) failing to object to the unlawful use of stale priors; (d) failing to discover that one of Petitioner's priors was a misdemeanor; (e) failing to notice that Petitioner was sentenced for a dangerous felony even though the jury found no dangerous nature; (f) failing to raise the issue that the jury found Petitioner did not have a weapon but was guilty of armed robbery and aggravated robbery; and (g) failing to interview

witnesses. In Ground Two, Petitioner argues that the indictment was insufficient and duplicitous because it charged the same conduct twice in counts one through three. In Ground Three, Petitioner alleges that his sentences were unlawfully imposed because: a) the trial court did not orally pronounce the sentences; b) the court resentenced petitioner on count five but never vacated the original sentence; and c) the jury was released before the dangerous nature findings were read. Finally, in Ground Four, Petitioner argues that the court unlawfully allowed the use of stale prior convictions at sentencing.

Respondents argue that Grounds Two, Three, and Four are unexhausted and procedurally defaulted because, at the state level, Petitioner did not describe the federal constitutional nature of these claims, and did not allege any basis for these claims separate from his IAC claims. Respondents also note that the state court only addressed these claims as IAC claims. As to Petitioner's IAC claims in Ground One, Respondents contend that sub claims (d) and (g) are unexhausted and procedurally defaulted because Petitioner failed to present them in his Rule 32 petition; that sub claim (e) is moot because Petitioner has already been resentenced on count five of the indictment; and that sub claim (f) is unexhausted and procedurally defaulted because Petitioner only presented this claim in his petition for review to the Arizona Supreme Court, which does not meet the requirement of fairly presenting the claim to the state courts. Respondents concede that sub claims (a), (b), and (c) of Ground One were fairly presented to the Arizona COA and are thus properly exhausted.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the federal court's power to grant a petition for a writ of habeas corpus on behalf of a state prisoner. First, the federal court may only consider petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant habeas corpus relief, with some exceptions, unless the petitioner exhausted state remedies. Additionally, if the petition includes a claim that was adjudicated on the merits

in state court proceedings, federal court review is limited by section 2254(d).

**A. Exhaustion**

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F.Supp.2d 925, 931–33 (D. Ariz. 2007).

A claim is fairly presented if the petitioner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds*, *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The petitioner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732

(1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, *4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, *8 (D. Ariz. Aug. 29, 2013).

### B. Procedural Default

If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). There are two categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n. 1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012). Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with

the State's procedural rule . . . [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotations and citations omitted). Prejudice requires "showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir. 1991). Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (*quoting Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *see also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028.

## C. Adjudication on the Merits and Section 2254(d)

The Ninth Circuit has held that "a state has 'adjudicated' a petitioner's constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits." *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004).

If a habeas petition includes a claim that was properly exhausted, has not been procedurally defaulted, and was "adjudicated on the merits in State court proceedings," federal court review is limited by § 2254(d). Under § 2254(d)(1), a federal court cannot grant habeas relief unless the petitioner shows: (1) that the state court's decision was

contrary to federal law as clearly established in the holdings of the United States Supreme Court at the time of the state court decision, *Greene v. Fisher*, —— U.S. ——, 132 S.Ct. 38, 43 (2011); (2) that it "involved an unreasonable application of" such law, § 2254(d)(1); or (3) that it "was based on an unreasonable determination of the facts" in light of the record before the state court. 28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770 (2011). This standard is "difficult to meet." *Richter*, 131 S.Ct. at 786. It is also a "highly deferential standard for evaluating state court rulings . . . which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal quotations and citation omitted).

To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene*, 132 S.Ct. at 44. A state court's decision is contrary to federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003).

A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 131 S.Ct. at 786 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**D. Ineffective Assistance of Counsel Claims**

The Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that his trial counsel was ineffective under *Strickland*, Petitioner must show: (1) that his trial

counsel's performance was deficient; and (2) that trial counsel's deficient performance prejudiced petitioner's defense. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (*citing Strickland*, 466 U.S. at 688, 694).

To establish deficient performance, Petitioner must show that "counsel made errors so serious . . . [that] counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms." *Strickland*, 466 U.S. at 687–688. The relevant inquiry is not what defense counsel could have done, but rather whether the decisions made by defense counsel were reasonable. *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). In considering this factor, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The Ninth Circuit "h[as] explained that '[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation.'" *Ortiz*, 149 F.3d at 932 (*quoting Hensley v. Crist*, 67 F.3d 181, 184 (9th Cir. 1995)). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Additionally, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance. *Id*.

Even where trial counsel's performance is deficient, Petitioner must also establish prejudice in order to prevail on an ineffective assistance of counsel claim. To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Under the prejudice factor, "[a]n error by counsel,

even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. "The likelihood of a different result must be substantial, not just conceivable." *Richter,* 131 S.Ct. at 792. Further, because failure to make the required showing of either deficient performance or prejudice defeats the claim, the court need not address both factors where one is lacking. *Strickland*, 466 U.S. at 697–700.

Additionally, under the AEDPA, the federal court's review of the state court's decision on an ineffective assistance of counsel claim is subject to another level of deference. *Bell v. Cone*, 535 U.S. 685, 698–699 (2002). This creates a "doubly deferential" review standard in which a habeas petitioner must show not only that there was a violation of *Strickland*, but also that the state court's resolution of the claim was more than wrong, it was an objectively unreasonable application of *Strickland*. *See Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam); *Bell*, 535 U.S. at 698-99; *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (federal habeas court's review of state court's decision on ineffective assistance of counsel claim is "doubly deferential."). The issue under section 2254(d) is not whether counsel's actions were reasonable, but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Richter*, 131 S.Ct. at 788.

## III.   ANALYSIS

### A. Ground One: Ineffective Assistance of Counsel

In Ground One, Petitioner contends that his trial counsel was ineffective based on a number of alleged errors. The Court will consider each of these sub claims in turn.

#### a.  Duplicitous Indictment

Petitioner first argues that trial counsel was ineffective for failing to object to the sufficiency of the indictment. Petitioner contends that the indictment is duplicitous because the same conduct is charged twice in a single count. Specifically, Petitioner objects to the language in counts one through three wherein the indictment states: "On or about the 26th day of January, 2008 through the 27th day of January, 2008 . . ." (Doc. 15

Ex. A). Petitioner interprets the word "through" to mean that counts one through three charged him with offenses on both January 26 and January 27—in other words, that Petitioner was charged with two separate offenses on two separate dates in a single count. Respondents concede that this claim was properly presented to the Arizona COA and is properly before this Court for review.

In denying Petitioner's Rule 32 petition on sub claim (a), the Arizona Superior Court inferred that Petitioner was objecting to the use of the phrase "on or about" in counts one through three of the indictment. (Doc. 15 Ex. X). The court found that "[e]ach of the counts does not allege more than a single offense," and noted that the accepted understanding of the phrase "on or about" did not mean that two separate offenses occurred for each count; rather, the court cited Black's Law Dictionary and noted "on or about" is defined as "Approximately; at or around the time specified." *Id.* The court concluded that the indictment was neither duplicitous nor insufficient, and that trial counsel's representation was not deficient for failing to object to the sufficiency of the indictment.

In denying relief on Petitioner's petition for review, the Arizona COA noted that Petitioner objected to the use of the word "through" in the indictment, not the phrase "on or about," as alleging that Petitioner's "offenses were committed 'through' one day and into the next." (Doc. 15 Ex. EE). The COA found this complaint was "of no moment" because, as the trial "court stated in its ruling, 'Each of the counts [of the indictment] does not allege more than a single offense.'" *Id.*

For purposes of federal habeas review, Petitioner bears the burden of showing that the post-conviction relief court, in ruling that trial counsel was not ineffective, applied *Strickland* in an objectively unreasonable manner. In making this determination, "the question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Richter*, 131 S.Ct. at 788. Here, the trial court's finding that Petitioner's claim that his trial counsel was ineffective for failing to challenge the indictment as duplicitous and

insufficient was without merit is supported by the record before this Court, and was not an unreasonable application of *Strickland*. While counts one through three of the indictment refer to offenses occurring "[o]n or about the 26th day of January, 2008 through the 27th day of January, 2008," these counts do not charge two distinct or separate offenses in a single count. As reflected in the COA's summary of the underlying facts in this case, the charges in counts one through three of the indictment relate to the theft of Shawna Cadenhead's vehicle, which was taken on the evening of January 26 and then recovered the following day. Thus, "a series of acts form[ed] part of one and the same transaction, and as a whole constitute[d] but one and the same offense." *State v. Klokic*, 219 Ariz. 241, 245 (Ct. App. 2008) (internal quotations and citations omitted). In such a situation, "[a] continuing scheme or course of conduct may properly be alleged in a single count," *State v. Ramsey*, 211 Ariz. 529, 534 (Ct. App. 2005), and "where numerous transactions are merely parts of a larger scheme, a single count encompassing the entire scheme is proper." *State v. Via*, 146 Ariz. 108, 116 (Ct. App. 1985).

Accordingly, Petitioner has not shown that the state court's determination on this claim was based on an unreasonable determination of the facts, or that it was contrary to or an unreasonable application of *Strickland*, and the Court will deny relief on sub claim (a).

b.  Unlawfully Imposed Sentence

In sub claim (b), Petitioner contends that his trial counsel failed to object to the trial court's abuse of discretion in imposing an unlawful sentence. Petitioner specifically contends that his sentence was unlawfully imposed because the court failed to orally pronounce the word "imprisonment" when sentencing Petitioner. Respondents concede that this claim was properly presented to the Arizona COA and is properly before this Court for review.

In his Rule 32 petition, Petitioner noted that at his sentencing hearing, the judge only pronounced his sentence in terms of number of years, but did not use the word "imprisonment." Petitioner argued that A.R.S. § 13–701 and Ariz.R.Crim.P. 26.10(b)(3)

require a court to orally pronounce a sentence to imprisonment, and that absent such a pronouncement, the sentence is illegal. Petitioner further argued that while the minute entry stated Petitioner was sentenced to a term of imprisonment, when there is a conflict between an oral pronouncement and a written judgment, the oral pronouncement controls.

In denying Petitioner's Rule 32 petition on this claim, the Arizona Superior Court found "no support for the assertion that an oral pronouncement of 'imprisonment' be made." (Doc. 15 Ex. X). The court further noted that pursuant to *State v. Gannon*, 130 Ariz. 592 (1981), "a Defendant must be sentenced to 'imprisonment' as opposed to "the Department of Corrections,'" and that the sentencing minute entry made clear that Petitioner was sentenced to a term of imprisonment and committed to the custody of the DOC. *Id.* The court also noted that while the oral pronouncement of a sentence controls when there is a discrepancy between the oral sentence and the written judgment, "in this case there is no conflict . . . The written sentence contains more information but in no way does it conflict with the oral pronouncement." *Id.* The court thus concluded that Petitioner had failed to show that his trial counsel's representation fell below the prevailing objective standards in failing to challenge Petitioner's sentence as unlawful. The Arizona COA agreed, and adopted the trial court's analysis. (Doc. 15 Ex. EE).

For purposes of federal habeas review, Petitioner bears the burden of showing that the trial court applied *Strickland* in an objectively unreasonable manner. Petitioner has not met that burden here. The statutes and cases that Petitioner cited in his Rule 32 petition do not require the trial court to orally pronounce the word "imprisonment" at sentencing. First, Ariz.R.Crim.P. 26.10(b), "Pronouncement of Sentence," states that, among other items, the court must explain to the defendant the terms of the sentence and specify the commencement date for the term of imprisonment. Nowhere does Rule 26.10 state that the court must orally pronounce the word "imprisonment." Second, A.R.S. § 13–701 requires that a sentence of imprisonment for a felony shall be a definite term of years, a requirement that was clearly met when the trial judge specified the number of

years that Petitioner was sentenced to on each count of the indictment. *See* Ex. II at 32–36. In addition, the relevant case law holds that a defendant must be sentenced to a term of imprisonment, and not to the DOC, a requirement that was also met in this case. *See Gannon*, 130 Ariz. 592; *State v. Gutierrez*, 130 Ariz. 148 (1981). Finally, while Petitioner contends that oral pronouncement controls when there is a conflict between the oral pronouncement and the written judgment, as the trial court noted, in this case there was no conflict. Rather, at sentencing the judge stated the number of years that Petitioner received for each count of the indictment and specified whether each term was consecutive or concurrent. *See* Ex. II at 32–36. The sentencing order stated that Petitioner was "sentenced to a term of imprisonment and is committed to the Arizona [DOC]," and then listed the number of years Petitioner received for each count. *See* Ex. C. Thus, the trial court's finding that Petitioner's claim that his trial counsel was ineffective for failing to challenge his sentence as unlawful where the court did not orally pronounce the word "imprisonment" was without merit is supported by the record before this Court, and was not an unreasonable application of *Strickland*.

In sum, because Petitioner has not shown that the state court's determination on this claim was based on an unreasonable determination of the facts, or that it was contrary to or an unreasonable application of *Strickland*, the Court will deny relief on sub claim (b).

### c.  Stale Priors

In sub claim (c), Petitioner argues that his trial counsel was ineffective for failing to object to the use of stale priors to enhance Petitioner's sentence. Petitioner specifically alleges that the language in former A.R.S. § 13–604(W)(2)(d) is "incredibly vague" and that subsection (d) is subject to the time limitations of subsections (b) and (c), which forbid the use of felony convictions older than 10 and 5 years, respectively. Respondents concede that this claim was properly presented to the Arizona COA and is properly before this Court for review.

In his Rule 32 petition, Petitioner argued that he had only one prior felony that was

properly allegeable because his other priors were older than 10 years and thus prohibited by A.R.S. § 13–604(W)(2)(b). While the trial court allowed the other priors to come in under A.R.S. § 13–604(W)(2)(d), which defines "[h]istorical prior felony conviction" as "[a]ny felony conviction that is a third of more prior felony conviction," Petitioner argued that subsection (d) is not exempt from the time limits in subsections (b) and (c). Petitioner thus concluded that his sentences were unlawfully enhanced with 3 or more prior felony convictions that were too remote for use.

In denying Petitioner's Rule 32 petition on this claim, the Arizona Superior Court found:

> There are four statutory ways to address a historical prior conviction. Each section is a separate means by which a felony conviction can be recognized as a historical prior felony conviction. Section d, the section used by the Court to enhance Petitioner's prior felony convictions is not dependent on any other section.

(Doc. 15 Ex. X) (internal citation omitted). The court therefore concluded that, where Petitioner had four prior felonies, Petitioner's third and fourth felony convictions were properly found to be historical prior felony convictions pursuant to subsection (d) of the statute. The court thus concluded that Petitioner had failed to show that his trial counsel's representation fell below the prevailing objective standards in failing to challenge the trial court's finding that Petitioner's third and fourth prior felonies were historical priors for sentencing purposes. The Arizona COA agreed, and adopted the trial court's analysis. (Doc. 15 Ex. EE).

For purposes of federal habeas review, Petitioner bears the burden of showing that the trial court applied *Strickland* in an objectively unreasonable manner. Petitioner has not met that burden here. The statute in question, A.R.S. § 13–604(W)(2), defines "historical prior felony conviction" in four different ways for purposes of sentencing enhancement. Subsection (a) lists a number of specific felony offenses. Subsection (b) refers to "[a]ny class 2 or 3 felony, except the offenses listed in subdivision (a) . . . that was committed within the ten years immediately preceding the date of the present

offense." Subsection (c) refers to "[a]ny class 4, 5, or 6 felony, except the offenses listed in subdivision (a) . . . that was committed within the five years immediately preceding the date of the present offense." Finally, subsection (d) includes "[a]ny felony conviction that is a third or more prior felony conviction." Nothing in the statute makes subsection (d) dependent on or subject to the provisions of any of the other subsections. Indeed, the plain reading of A.R.S. § 13–604(W)(2) is that there are four different, independent definitions of "historical prior felony conviction." *See State v. Garcia*, 189 Ariz. 510, 514 (1997) ("Because subsection (a) already permits use of defined offenses without regard to passage of time, subsection (d) must refer to those convictions for 'non-subsection (a)' offenses that are more than five or ten years old, and thereby too remote in time to fall within subsection (b) or (c)."). Thus, "once a person has been convicted of three felony offenses, the third in time can be used to enhance a later sentence, regardless of passage of time." *Id.* Accordingly, the trial court's finding that Petitioner's claim that his trial counsel was ineffective for failing to object to the use of stale priors was without merit is supported by the record before this Court, and was not an unreasonable application of *Strickland*.

In sum, because Petitioner has not shown that the state court's determination on this claim was based on an unreasonable determination of the facts, or that it was contrary to or an unreasonable application of *Strickland*, the Court will deny relief on sub claim (c).

### d.  Misdemeanor Prior and g. Witness Interviews

In sub claim (d), Petitioner argues that his trial counsel failed to discover that one of the prior felonies the state planned to use at sentencing was actually a misdemeanor. (Doc. 1 at 6). In sub claim (g), Petitioner alleges that trial counsel did not interview any witnesses and made no attempts at fact finding. *Id.* Respondents contend that that these claims are unexhausted and procedurally defaulted because Petitioner failed to present them in his Rule 32 petition.

When a petitioner fails to fairly present his claims to the state's highest court, but

1    would now be barred by state procedure from returning to state court, an implied

2    procedural bar may arise. *See O'Sullivan* 526 U.S. at 848–49. If a mandatory rule of state

3    procedure would prevent the presentation of the claim, federal review is precluded. *See*

4    *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied sub nom., Smith v.*

5    *Mills*, 129 S.Ct. 37 (2008) (when petitioner had not properly exhausted his claim, but

6    state court would now find the exhaustion petition barred, the claim is procedurally

7    defaulted); *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has

8    expired, petitioner's failure to timely present claims to state court results in a procedural

9    default of those claims).

10       Here, while Petitioner raised a number of IAC claims in his Rule 32 petition and

11   his petition for review by the Arizona COA, he did not raise the specific claims that he

12   now alleges in sub claims (d) and (g). *See Date v. Schriro*, 619 F.Supp.2d 736, 788 (D.

13   Ariz. 2008) ("Ineffective assistance claims different from those presented to the state

14   courts are precluded from consideration on habeas corpus review. . . Petitioner's assertion

15   of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust

16   other claims of ineffective assistance based on different facts."); *see also Moormann v.*

17   *Schriro*, 426 F.3d 1044, 1056–57 (9th Cir. 2005), *cert. denied*, 548 U.S. 927 (2006) (new

18   allegations of ineffective assistance of counsel not previously raised before the state court

19   cannot be addressed on habeas review). Arizona Rules of Criminal Procedure regarding

20   timeliness[1] and preclusion[2] prevent Petitioner from now exhausting sub claims (d) and (g)

21   in state court. Accordingly, these claims are both technically exhausted and procedurally

22   defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d

23   at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8.

24   Petitioner has failed to show cause for, or prejudice arising from, his procedural default

25

26       [1] Ariz. R. Crim. P. 32.4(a) states that post-conviction proceedings must begin
     within 90 days of either the day of judgment and sentence or the date the mandate issues

27   on direct appeal, whichever is later. These deadlines have long since passed in this
     matter.

28       [2] Ariz. R. Crim. P. 32.2(a) states that, absent narrowly tailored exceptions not
     applicable here, successive post-conviction petitions are precluded.

of the claims, and the Court can glean none from the record before it. *See Martinez*, 132 S.Ct. at 1316; *Murray*, 477 U.S. at 488. There was no objective factor external to the defense which impeded Petitioner's efforts to comply with the State's procedural rule; Petitioner simply failed to raise the claims in his state court proceedings. *See Murray*, 477 U.S. at 488; *see also Engle*, 456 U.S. at 134 n. 43 (the court need not examine the existence of prejudice if the petitioner fails to establish cause).

Accordingly, the Court finds that sub claims raised in (d) and (g) are technically exhausted and procedurally defaulted, and Petitioner has failed to show cause and prejudice for the default. Habeas relief on the merits of these claims is therefore precluded.

### e.  Improper Sentencing on Count Five

In sub claim (e), Petitioner contends that he was improperly sentenced for a dangerous felony on count five of the indictment because trial counsel failed to notice that the jury found no dangerous nature on count five. (Doc. 1 at 6). Respondents contend that this claim is moot, as Petitioner raised this issue in his Rule 32 petition and was subsequently resentenced by the trial court on count five as a non-dangerous offense. *See* Doc. 15 Ex. CC. The Court agrees. Even if trial counsel was ineffective for failing to note the non-dangerousness finding at sentencing, any argument in sub claim (e) is now mooted by Petitioner's later resentencing on count five because there is no relief that the Court can provide. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) (petition for habeas deemed moot when it no longer involves a live case or controversy and the court cannot provide the primary relief sought in the petition).

### f.  Weapon Finding

In sub claim (f), Petitioner argues that trial counsel failed to inquire how the jury could find Petitioner not guilty of having a weapon but guilty of attempted armed robbery and aggravated robbery. (Doc. 1 at 6). Respondents contend that this claim is unexhausted and procedurally defaulted because Petitioner only presented this claim in his petition for review to the Arizona Supreme Court, which does not meet the

1    requirement of fairly presenting the claim to the state courts.

2         When a petitioner fails to fairly present his claims to the state's highest court, but

3    would now be barred by state procedure from returning to state court, an implied

4    procedural bar may arise. *See O'Sullivan* 526 U.S. at 848–49. If a mandatory rule of state

5    procedure would prevent the presentation of the claim, federal review is precluded. *See*

6    *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied sub nom., Smith v.*

7    *Mills*, 129 S.Ct. 37 (2008) (when petitioner had not properly exhausted his claim, but

8    state court would now find the exhaustion petition barred, the claim is procedurally

9    defaulted); *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has

10   expired, petitioner's failure to timely present claims to state court results in a procedural

11   default of those claims).

12        Here, Petitioner raised a number of IAC claims in his Rule 32 petition and his

13   petition for review to the Arizona COA, but he did not raise the specific claim that he

14   now alleges in sub claim (f). *See Date*, 619 F.Supp.2d at 788; *Moormann*, 426 F.3d at

15   1056–57. In his petition for review by the Arizona Supreme Court, Petitioner stated that

16   he was seeking review of the trial court's and COA's denial of his IAC claims. Petitioner

17   twice listed the specific IAC claims that he was seeking review of, *see* Ex. FF at 2, 4, but

18   did not present the specific claim that trial counsel was ineffective for failing to inquire

19   how the jury could find Petitioner not guilty of having a weapon but guilty of attempted

20   armed robbery and aggravated robbery. However, Petitioner did state that, had trial

21   counsel looked at the correct jury verdict forms,

22            Counsel could of then properly questioned the fact that
23            because the jury found count 5 not dangerous by not finding
             proof the petitioner had a weapon. And having a weapon is a
24            required element of the offense of armed robbery charged in
             count 5. So this also proves the jury was confused as to the
25            requirements needed to convict someone of armed robbery.

26   (Ex. FF at 5). Thus, construing Petitioner's statements liberally, Petitioner arguably

27   presented the claim he now alleges in sub claim (f) of the habeas petition to the Arizona

28   Supreme Court. However, "initially raising a claim before a court of discretionary review

- 21 -

1   does not constitute fair presentation" for purposes of habeas review, *James v. Mauldin*,

2   2010 WL 366722, *16 (D. Ariz. Jan. 27, 2010) (*citing Castille v. Peoples*, 489 U.S. 346,

3   351 (1989) (a claim is unexhausted when it is raised for the first time on discretionary

4   review and denied without comment)), and "[p]resentation to the Arizona Supreme Court

5   for the first time is not sufficient to exhaust an Arizona state prisoner's remedies"

6   *Hernandez v. Ryan*, 2012 WL 2017776, *12 (D. Ariz. May 1, 2012); *see also Roettgen v.*

7   *Copeland*, 33 F.3d 36, 37 (9th Cir. 1994) ("Submitting a new claim to the state's highest

8   court in a procedural context in which its merits will not be considered absent special

9   circumstances does not constitute fair presentation."); *Casey v. Moore*, 386 F.3d 896 (9th

10   Cir. 2004) (federal constitutional claim raised for first time to state's highest court on

11   discretionary review is not fairly presented).

12       Arizona Rules of Criminal Procedure regarding timeliness[3] and preclusion[4]

13   prevent Petitioner from now exhausting sub claim (f) in state court. Accordingly, this

14   claim is both technically exhausted and procedurally defaulted and thus not properly

15   before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S.

16   at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show cause

17   for, or prejudice arising from, his procedural default of the claim, and the Court can glean

18   none from the record before it. *See Martinez*, 132 S.Ct. at 1316; *Murray*, 477 U.S. at 488.

19   There was no objective factor external to the defense which impeded Petitioner's efforts

20   to comply with the State's procedural rule; Petitioner simply failed to raise sub claim (f)

21   in his appellate brief to the COA. *See Murray*, 477 U.S. at 488; *see also Engle*, 456 U.S.

22   at 134 n. 43 (the court need not examine the existence of prejudice if the petitioner fails

23   to establish cause).

24       Accordingly, the Court finds that sub claim (f) is technically exhausted and

25

26       [3] Ariz. R. Crim. P. 32.4(a) states that post-conviction proceedings must begin
    within 90 days of either the day of judgment and sentence or the date the mandate issues

27   on direct appeal, whichever is later. These deadlines have long since passed in this
    matter.

28       [4] Ariz. R. Crim. P. 32.2(a) states that, absent narrowly tailored exceptions not
    applicable here, successive post-conviction petitions are precluded.

1    procedurally defaulted, and Petitioner has failed to show cause and prejudice for the

2    default. Habeas relief on the merits of this claim is therefore precluded.

3    **B. Ground Two: Insufficient Indictment; Ground Three: Unlawfully Imposed**

4    **Sentence/Double Jeopardy; and Ground Four: Unlawful Use of Stale Priors**

5        In Ground Two of his PWHC, Petitioner argues that his criminal indictment was

6    insufficient and duplicitous because the same conduct was charged twice in a single

7    count. In Ground Three, Petitioner claims that his sentence was unlawfully imposed

8    because the trial court did not orally pronounce his sentence of imprisonment, because his

9    original sentence on count five of the indictment was not vacated when he was

10   resentenced, and because the jury was released before Petitioner could poll the jury on

11   their dangerousness findings. In Ground Four, Petitioner argues that stale priors were

12   unlawfully used to enhance his conviction. Respondents argue that Grounds Two, Three,

13   and Four are unexhausted and procedurally defaulted because, at the state level,

14   Petitioner did not describe the federal constitutional nature of these claims, and did not

15   allege any basis for these claims separate from his IAC claims. Respondents also note

16   that the state court only addressed these claims as IAC claims.

17       To properly exhaust a claim, a petitioner must "give the Arizona courts a 'fair

18   opportunity' to act on his federal [] claim before presenting it to the federal courts."

19   *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004). As this Court has explained:

20       Fair presentation requires a petitioner to describe both the
         operative facts and the federal legal theory to the state courts.
21       *Reese*, 541 U.S. at 28, 124 S.Ct. 1347. It is not enough that all
         of the facts necessary to support the federal claim were before
22       the state court or that a "somewhat similar" state law claim
         was raised. *Reese*, 541 U.S. at 28, 124 S.Ct. 1347 (stating that
23       a reference to ineffective assistance of counsel does not alert
         the court to federal nature of the claim). Rather, the habeas
24       petitioner must cite in state court to the specific constitutional
         guarantee upon which he bases his claim in federal court.
25       *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001).
         Similarly, general appeals to broad constitutional principles,
26       such as due process, equal protection, and the right to a fair
         trial, are insufficient to establish fair presentation of a federal
27       constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669
         (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th
28       Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th
         Cir.2000) (insufficient for prisoner to have made "a general

appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Likewise, a mere reference to the "Constitution of the United States" does not preserve a federal claim. *Gray v. Netherland*, 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts...." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the pleadings filed in that court to discover the federal claim. *Baldwin*, 541 U.S. at 27, 124 S.Ct. 1347.

*Date v. Schriro*, 619 F.Supp.2d 736, 764–65 (D. Ariz. 2008). The Ninth Circuit has specifically held that a petitioner's "conclusory, scattershot citation of federal constitutional provisions, divorced from any articulated federal legal theory . . ." failed to satisfy the fair presentment requirement. *Castillo*, 399 F.3d at 1002–03 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory.").

Here, Petitioner raised the following claims in his Rule 32 petition: 1) IAC; 2) insufficient indictment based on duplicitousness; 3) unlawful conviction on counts five and six of the indictment because there was no finding of dangerousness on these counts before the jury was dismissed; 4) unlawfully imposed sentence based on the court failing to orally pronounce how the sentences were to be served; and 5) unlawful use of stale priors. In his petition for review by the Arizona COA, Petitioner presented substantially the same arguments, except that he abandoned two of the sub claims in his IAC claim. While Petitioner thus presented the claims that he now alleges in Grounds Two, Three, and Four of his PWHC in his state court proceedings, he failed to present the claims as specifically federal claims: First, in Ground Two of the PWHC, Petitioner argues that the indictment was insufficient based on duplicitousness. In his Rule 32 petition and petition for review to the Arizona COA, Petitioner alleged that the duplicitous indictment was "a direct violation of federally established law" and "violative of the 5th, 6th, 8th and 14th amendments," but these general appeals to broad constitutional principles are insufficient

to establish fair presentation of a federal constitutional claim. (Exs. U at 11–12; CC at 7); *see Lyons*, 232 F.3d at 66. In Ground Three of his PWHC, Petitioner challenges his conviction based on the trial court's alleged failure to orally pronounce his sentence and because the jury was released before being polled on the dangerous nature findings. While Petitioner presented both of these issues in his Rule 32 petition and petition for review to the COA, his arguments focused primarily on state statutory and case law issues, with only a passing reference to cruel and unusual punishment and the 5th, 6th, 8th and 14th amendments of the US Constitution.[5] Finally, in Ground Four of his PWHC, Petitioner alleges his sentences were illegally enhanced with stale priors, an issue he also argued to the state courts. However, Petitioner's arguments on this point focused on the statutory interpretation of A.R.S. § 13–604(W)(2)(c)&(d) and various state law cases, not a federal constitutional guarantee. Thus, Petitioner has failed to properly exhaust the claims in Grounds Two, Three, and Four of his PWHC because he failed to fairly present a federal legal theory for these claims to the state courts. Further, as Respondents aptly note, the state courts did not address Petitioner's claims for insufficient indictment, unlawfully imposed conviction, and unlawful use of stale priors as standalone state or federal law claims; rather, the lower courts only addressed these claims in relation to Petitioner's IAC claim. *See* Ex. X at 1 ("All claims submitted for consideration relate to ineffective assistance of counsel."); Ex. EE (Arizona COA adopted the trial court's analysis).

When a petitioner fails to fairly present his claims to the state's highest court, but would now be barred by state procedure from returning to state court, an implied procedural bar may arise. *See O'Sullivan* 526 U.S. at 848–49. If a mandatory rule of state

---

[5] Petitioner also alleges an additional claim in Ground Three, that his original sentence on count five of the indictment was not vacated when he was resentenced, but this claim is also unexhausted and procedurally defaulted because Petitioner only raised this claim for the first time in his petition for review to the Arizona Supreme Court, (Ex. FF at 13), which does not meet the requirements for fair presentation. *See James*, 2010 WL 366722 at *16 ("[p]resentation to the Arizona Supreme Court for the first time is not sufficient to exhaust an Arizona state prisoner's remedies"); *Casey*, 386 F.3d 896 (federal constitutional claim raised for first time to state's highest court on discretionary review is not fairly presented).

1    procedure would prevent the presentation of the claim, federal review is precluded. *See*

2    *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied sub nom., Smith v.*

3    *Mills*, 129 S.Ct. 37 (2008) (when petitioner had not properly exhausted his claim, but

4    state court would now find the exhaustion petition barred, the claim is procedurally

5    defaulted); *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has

6    expired, petitioner's failure to timely present claims to state court results in a procedural

7    default of those claims).

8        Arizona Rules of Criminal Procedure regarding timeliness[6] and preclusion[7]

9    prevent Petitioner from now exhausting Grounds Two, Three, and Four in state court.

10   Accordingly, these claims are both technically exhausted and procedurally defaulted and

11   thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33;

12   *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has

13   failed to show cause for, or prejudice arising from, his procedural default of these claims,

14   and the Court can glean none from the record before it. *See Martinez*, 132 S.Ct. at 1316;

15   *Murray*, 477 U.S. at 488. There was no objective factor external to the defense which

16   impeded Petitioner's efforts to comply with the State's procedural rule; Petitioner simply

17   failed to allege the specific federal constitutional nature of the claims in state court. *See*

18   *Murray*, 477 U.S. at 488; *see also Engle*, 456 U.S. at 134 n. 43 (the court need not

19   examine the existence of prejudice if the petitioner fails to establish cause).

20       Accordingly, the Court finds that Grounds Two, Three, and Four are technically

21   exhausted and procedurally defaulted, and that Petitioner has failed to show cause and

22   prejudice for the default. Habeas relief on the merits of these claims is therefore

23   precluded.

24   . . .

---

26   [6] Ariz. R. Crim. P. 32.4(a) states that post-conviction proceedings must begin within 90 days of either the day of judgment and sentence or the date the mandate issues on direct appeal, whichever is later. These deadlines have long since passed in this matter.

27   [7] Ariz. R. Crim. P. 32.2(a) states that, absent narrowly tailored exceptions not applicable here, successive post-conviction petitions are precluded.

**IV.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 is denied and that this action is dismissed with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued and that Petitioner is not entitled to appeal in forma pauperis because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable. Further, to the extent Petitioner's claims are rejected on the merits, reasonable jurists would not find the Court's assessment of the constitutional claims to be debatable or wrong.

Dated this 3rd day of May, 2016.


Eric J. Markovich
United States Magistrate Judge